IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174 WELFARE FUND,<br><br>　　　　　　Plaintiffs,<br><br>　vs,<br><br>FCJ REAL ESTATE DEVELOPMENT CO.,<br><br>　　　　　　Defendant. | Case No. 07 C 3362 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The trustees of a pension fund and a welfare fund established pursuant to a collective bargaining agreement have sued FCJ Real Estate Development Co. for unpaid contributions. FCJ has moved for summary judgment. For the reasons stated below, the Court denies FCJ's motion.

## Background

FCJ entered into a Memorandum of Agreement with the Chicago and Northwest Illinois District Council of Carpenters, and as a result it became bound to a collective bargaining agreement between the District Council and the Residential Construction Employers Council covering Will County. FCJ also became bound to the trust agreements that established the Will County Local 174 Pension Trust Fund and the Will County Local 174 Welfare Fund. Under the terms of these agreements, FCJ was required to make contributions to the funds on behalf of certain of its employees who

performed work within the scope of the collective bargaining agreements.

From March 2003 through December 2006 or January 2007, FCJ had a relationship with Republic Windows & Doors, LLC under which FCJ provided union labor to Republic for residential window installation jobs on contracts that Republic procured. During that period, FCJ had no relationship with any other contractor, with the possible exception of a contractor called Sound Solutions, which may have overlapped with the tail end of the FCJ–Republic relationship. As a part of their business relationship, Republic submitted to FCJ reports of hours the FCJ employees worked on Republic jobs, which FCJ used to determine how much to pay the employees and what fringe benefit contributions to make on their behalf. FCJ has not maintained records regarding the locations where its employees worked on Republic jobs, and it has submitted no contributions to the Funds on behalf of its employees.

The trustees of the funds contend that FCJ owes contributions on its employees' behalf in connection with work performed on the Republic jobs (and perhaps for other work, though that is unclear), which the trustees contend was covered by the terms of the agreements to which FCJ is a party. The trustees filed suit against FCJ in June 2007, alleging FCJ's failure to cooperate in scheduling an audit and failure to make fringe benefit contributions. The parties thereafter engaged in discovery, and the trustees served subpoenas on contractors that were alleged to have contracted with FCJ during the relevant time period.

The trustees took the deposition of William Shadden, a former employee of FCJ who worked on Republic jobs. Shadden testified that worked on various Republic residential window installation jobs for developers including Neumann Homes,

Cambridge Homes, Montalbano Homes, Centex Homes, and others. He testified that he spent one hundred percent of his time working on new home window installation projects for Republic while on FCJ's payroll. The projects on which Shadden worked included Impressions, Clearwater Springs, Victoria Crossing and Amberleigh Estates for Montalbano Homes; Carillon Lakes, Liberty Grove, Cambridge Run and Patriot Square for Cambridge Homes; Tuttle Estates for Wiseman Hughes; Hampton Glen for Centex Homes; Prairie Knoll for Town & Country Homes; and Clublands for Neumann Homes. Shadden said he worked in, among other cities and towns, Lockport, Channahon, and Joliet, all of which lie at least partly within Will County. Shadden was paid by FCJ for work he performed on Republic jobs; he identified Republic time sheets reflecting his time on the projects he worked on while employed by FCJ.

During his deposition, Shadden also identified two other individuals, Greg Page and Fernando Colunga, whom he said were also employees of FCJ. During discovery, the trustees also provided FCJ with Republic time sheets, including some for Fernando Colunga and Greg Page, which are similar to Shadden's own time sheets. In addition, in response to a subpoena, Montalbano Homes, Ryan Building Group, and Cambridge Homes provided documents regarding several projects in Will County on which Republic supplied and installed windows. A reasonable inference may be drawn that FCJ employees performed work on these jobs.

**Discussion**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to

3

a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court's "function is not to weigh the evidence but merely to determine if 'there is a genuine issue for trial.'" *Bennett v. Roberts,* 295 F.3d 687, 694 (7th Cir. 2002) (citation omitted). To determine whether there is a genuine issue of material fact, the Court must view the record in the light most favorable to the nonmoving party and draw reasonable inferences in that party's favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986); *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248.

The Court declines the trustees' request to deny FCJ's motion summarily due to its noncompliance with Local Rule 56.1. The Court has discretion to determine how to handle such procedural noncompliance. *See, e.g., Little v. Cox's Supermarkets,* 71 F.3d 637, 641 (7th Cir. 1995) ("[I]t is clear that the decision whether to apply the [local] rule strictly or to overlook any transgression is one left to the district court's discretion."). The trustees were not unfairly prejudiced by FCJ's non-compliance, as evidenced by their ability to respond fully to FCJ's motion.

Though FCJ concedes, in its reply brief, that the trustees have shown a genuine triable issue regarding time worked by Shadden, it contends that the trustees have failed to do so with regard to other employees, including in particular Page and Colunga. Specifically, FCJ argues that Page and Colunga's purported time sheets have not been authenticated and thus are inadmissible and insufficient to show the existence of a genuine issue of material fact regarding whether their alleged work is covered by the collective bargaining agreements.

The Court has two problems with this argument. First, as the trustees point out, an employer like FCJ has a legal obligation to maintain records with regard to its employees "sufficient to determine the benefits due or which may become due" to them. 29 U.S.C. § 1059(a)(1). The evidence reflects that FCJ has maintained no records regarding the work at issue in this case. This may entitle the trustees to an evidentiary inference that arguably would allow them to satisfy their burden of persuasion. *See, e.g., Laborers' Pension Fund v. McDaniel*, No. 01 C 6236, 2003 WL 23019171, at *3-4 (N.D. Ill. Dec. 23, 2003). Second, though FCJ was fully aware of any claimed evidentiary deficiency regarding Page and Colunga, it said nothing about this in its opening memorandum but rather raised the issue for the first time in its reply brief. A party cannot use a reply brief as a forum to make novel arguments that were available at the time it filed its original motion. *Cf. Mulit-Ad Svcs., Inc. v. NLRB,* 255 F.3d 363, 370 (7th Cir. 2001) (parties may not raise new arguments or present new facts for the first time in a reply brief). Because the Court could not fairly rule in FCJ's favor on this point without reopening briefing to allow the trustees to respond, the Court instead declines FCJ's invitation to address this issue in deciding the motion for summary judgment. *See Manning v. Dye,* No. 02 C 372, 2004 WL 2496456 , at *14 (N.D. Ill. Nov. 5, 2004) (declining to permit a newly-made point in a reply brief as it would be unfair to do so without reopening briefing, which would defeat the purpose of setting a briefing schedule in the first place).[1]

---

[1] There also appears to be an issue regarding contributions that FCJ made to another fund. The Court declines to address this issue at the present time because neither party has developed the point adequately to make it ripe for determination.

**Conclusion**

For the reasons stated above, the Court denies FCJ's motion for summary judgment [docket no. 31]. The case is set for a status hearing on December 19, 2008 at 9:30 a.m. for the purpose of setting a trial date and discussing the possibility of settlement.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 10, 2008